786 F.2d 1165
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOSEPH D. KROUT; ELIZABETH KROUT, Plaintiffs-Appellants,
v.
THE CITY OF FINDLAY; DAVID WOBSER, DAVID CLARK, KEITH
ROMICK, J. R. BRONDES, JUDY MIEURE, JAMES ZIEGLER, DEVON
STUTZMAN, MARK MUELLER, ANTHONY IRITI, ROBERT KUHLMAN,
ROBERT NICHOLS, DAVID WILLIAM, individually and officially,
Defendants-Appellees.
 85-3239
 United States Court of Appeals, Sixth Circuit.
 2/21/86
 
 N.D.Ohio
 AFFIRMED
 On Appeal from the United States District Court for the Northern District of Ohio
 Before: ENGEL, MILBURN and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs Joseph D. Krout and Elizabeth Krout appeal the judgment of the United States District Court for the Northern District of Ohio granting defendants' motions for summary judgment on the Krouts' civil rights claims.
 
 
 2
 Joseph Krout was a uniformed police officer and Elizabeth Krout was a police dispatcher for the City of Findlay, Ohio. Both were discharged after an investigation revealed that they were the subjects of nude photographs that appeared in Ohio Connection magazine along with an advertisement soliciting responses.
 
 
 3
 Following their discharges, the Krouts filed a complaint against the City of Findlay, the Findlay director of service-safety, the police chief, the mayor and the city council members. The Krouts sought reinstatement, back pay, compensatory and punitive damages, and attorneys fees under 42 U.S.C. Secs. 1983, 1985 for alleged violations of the First, Fifth, Sixth, and Fourteenth Amendments. All defendants filed motions to dismiss or in the alternative for summary judgment and the Krouts filed a motion for summary judgment.
 
 
 4
 Upon the recommendation of the magistrate, the district court denied the Krouts' motion and granted the motion of the city council members, finding the city council's inaction an insufficient nexus to the alleged deprivations. It also adopted the magistrate's recommendation that it grant summary judgment in favor of the police chief, the service-safety director and the city on the Krouts' section 1985 and Sixth Amendment claims, holding that plaintiffs failed to state a cause of action under section 1985 and that they had no right to counsel since they had not been formally charged. The court rejected the remainder of the magistrate's recommendations and granted summary judgment in favor of the remaining defendants on the remaining claims. It noted that the Krouts were readily identified in the photos and found no violation of the right to privacy, characterizing the Krouts' conduct as 'the antithesis of the right to privacy.' It further found no denial of free speech, concluding that the communication was not a matter of legitimate public concern. It finally concluded that the Krouts were not denied due process and that Rules and Regulations Sec. 301, Ohio Rev. Code Sec. 124.34 and Code of Ethics VII, pursuant to which the Krouts were discharged, were not vague, particularly as applied to this case.
 
 
 5
 On appeal, the Krouts contend: (1) that the investigation violated their rights to freedom of association, expression and privacy and to due process by compelling disclosure of private information unrelated to their duties, (2) that there was no nexus between their advertisement and their job performance and that their discharges therefore infringed upon their right to privacy, and (3) that the rules and regulations governing the conduct of policy officers were so vague that their discharges pursuant to those rules and regulations constituted a violation of due process.
 
 
 6
 The procedural history of this case as apparent from the record in the district court fully demonstrates that plaintiffs' rights to procedural due process in connection with their discharge have been fully protected by the observance of the various steps leading to their discharge and preserving to them the remedies of review through state administrative and judicial channels. And we perceive no indication that any alleged difficulty rising from the manner in which their statements were obtained cannot be appropriately resolved in those state procedures. In view of the apparent ease with which plaintiffs were independently identified, the use of the statements was in all events harmless and its suppression could not have affected the outcome of their discharge proceedings.
 
 
 7
 The sole remaining question, in the opinion of this court, is therefore whether the district court erred in holding that the conduct which led to plaintiffs' discharge was protected by the First Amendment. While plaintiffs' counsel insisted that their private sexual conduct was an issue, it has been at all times clear that it was not and that, rather, it was their public conduct in causing the advertisement and photographs to be published which was the basis for the finding of a violation of the Code of Discipline.
 
 
 8
 As was observed by United States District Judge John W. Potter:
 
 
 9
 The case sub judice is not one where the officers are maintaining the right of the sanctity of the bedroom even if it involves adultery, or an extramarital affair, as is the case in many of the precedents cited for the principle of privacy. The plaintiffs here did not seek privacy, to the contrary the purpose of their ad and accompanying nude photos would be frustrated if privacy was obtained.
 
 
 10
 While the Court agrees with the salutary principle that law enforcement officers should not invade the privacy of the bedroom, it has never been a constitutional right of a citizen and/or an off-duty law enforcement officer to transport the marital or extramarital bed to the public square. See Paris Adult Theatre v. Slayton, 413 U.S. 49, 66-67 (1973).
 
 
 11
 Moreover, in this respect the Code was not vague. As a matter of law, plaintiffs could not reasonably have misunderstood that the publication of the ad and the photographs was violative of their responsibility under the Code.
 
 
 12
 For the foregoing reasons and for the reasons set forth in the opinion of the district judge, filed in the district court February 22, 1985, the judgment of the district court is AFFIRMED.